IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LACROSSE FURNITURE CO.,        )
                               )
                    Plaintiff, )
                               )
v.                             )      Case No. 12-2748-KHV
                               )
FUTURE FOAM, et al.            )
                               )
                    Defendants. )

## ORDER

In an April 15, 2016 status report submitted jointly by the parties, the parties identified a dispute "that the Court will need to resolve."[1]  The parties disagree about whether plaintiff must provide the two defendants remaining in this antitrust case copies of the confidential settlement agreements plaintiff entered with seven or more other defendants (alleged co-conspirators).

Plaintiff objects to providing the settlement agreements, stating only that "discovery is closed," and that it "disagrees that Defendants are entitled to production of the confidential settlement agreements."[2]

Defendants argue that because plaintiff has asserted a Kansas Restraint of Trade Act[3]

---

[1]ECF doc. 46 at 1.

[2]*Id.* at 4.

[3]K.S.A. 50-112.

claim alleging conspiracy among all defendants and seeking to impute the acts of each defendant against all other defendants (such that defendants are jointly and severally liable), the settlement terms are relevant, particularly with respect to the amount of damages plaintiff can potentially collect.   Defendants contend that plaintiff's obligation to disclose the settlement terms does not end with the close of the discovery period.

After reviewing the caselaw cited by defendants, the court is initially inclined to find that the settlement agreements are not protected by a privilege and that they are relevant under Fed. R. Civ. P. 26(b)(1).   However, the court will honor plaintiff's request that it be allowed an opportunity to further brief this issue.   By **May 24, 2016**, plaintiff may file a response, limited to five pages, to the arguments and authorities set out by defendants in the joint status report (ECF doc. 46).   Plaintiff shall, of course, cite all relevant authorities supporting its position that it need not produce the settlement agreements.   By **June 1, 2016**, defendants may file a reply, limited to five pages, to plaintiff's response.

IT IS SO ORDERED.

Dated May 17, 2016, at Kansas City, Kansas.

_____s/ James P. O'Hara_____
James P. O'Hara
U. S. Magistrate Judge