IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LACROSSE FURNITURE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-2748-KHV |
| | ) | |
| FUTURE FOAM, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## **<u>ORDER</u>**

This is a diversity action in which plaintiff brings a claim under the Kansas Restraint of Trade Act ("KRTA"), alleging conspiracy by defendants.  Plaintiff reached settlements with a number of defendants, who have now been dismissed.  The two defendants that remain in the case have asked plaintiff to provide them copies of the settlement agreements entered with the dismissed defendants.  Plaintiff refused.  In an April 15, 2016 status report,[1] the parties asked the court to resolve this dispute.  The court permitted further briefing on the issue,[2] including letter responses from seven of the defendants who settled ("the settling defendants"),[3] and is now prepared to rule.  Because the settlement agreements are relevant and not privileged, the court orders them produced, albeit with the conditions discussed

---

[1]ECF doc. 46 at 1.

[2]*See* ECF docs. 47, 48, & 51.

[3]*See* ECF docs. 52–54.

below.

On March 28, 2016, plaintiff informed defendants that it had reached a settlement with former defendant FXI Holdings, Inc.  The next day, defendant Leggett & Platt, Inc. requested that plaintiff provide it copies of each settlement agreement plaintiff entered in this action.  Plaintiff did not immediately oppose the request, but suggested that counsel discuss it after the April 1, 2016 scheduling conference.[4]  Unfortunately, neither party raised the issue with the court during the scheduling conference, and ultimately the parties reached a stalemate on whether the agreements would be produced.

Defendants' first argument for production fails.  Defendants contend that plaintiff has an obligation to produce the settlement agreements as a matter of Kansas *substantive* law. Defendants rely on *Ratterree v. Bartlett*, in which the Kansas Supreme Court adopted a rule that when "a settlement agreement is entered into between the plaintiff and one or more, but not all, alleged defendant tortfeasors, the parties entering into such agreement shall promptly inform the court in which the action is pending and the other parties to the action of the existence of the agreement and its terms."[5]  The *Ratterree* Court developed the rule out of concern that the testimony of parties to a settlement agreement might be biased due to the

---

[4]This case had been part of multidistrict litigation ("MDL") proceedings in the Northern District of Ohio (*Polyurethane Foam Antitrust Litig.*, Case No. 1:10 MD 2196), and this court set a scheduling conference upon remand to address the pretrial proceedings that remained.  *See* Scheduling Order, ECF doc. 41 at 2.

[5]707 P.2d 1063, 1076 (Kan. 1985).

terms of the agreement.[6]  The rule regulates the same *procedure* regulated by Fed. R. Civ. P. 26(b), i.e., the disclosure or production of documents.[7]  "Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."[8] Defendants have cited no case suggesting that the *Ratterree* rule is one of substantive law,[9] and the court will therefore address this disclosure issue under the dictates of the Federal Rules of Civil Procedure.

Applying Rule 26(b), the court finds that the terms of the settlement agreements—at least in large part—are relevant and discoverable.[10]  "Relevance is broadly construed and the court should permit a request for discovery unless 'it is clear that the information sought can have no possible bearing' on the claim or defense of a party."[11]  Information in the settlement agreements unquestionably bears on plaintiff's KRTA conspiracy claim, in which plaintiff

---

[6]*Id.* at 1074–76.

[7]The *Ratterree* Court even quoted a Florida case referring to the rule as a procedural discovery rule.  *Id.* at 1075 (quoting *Ward v. Ochoa*, 284 So. 2d 385, 387 (Fla. 1973)).

[8]*Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

[9]Defendants' assertion that "state law pertaining to damages [is substantive law] binding on a federal court" is a non sequitur.

[10]Given the timing issues in this action—including that at least some of the settlement agreements could not have been disclosed prior to the close of discovery in the MDL because they did not exist at the time, and that trial is more than a year away—the court does not find defendants' March 29, 2016 request for the agreements prohibitively untimely.

[11]*Gilbert v. Rare Moon Media, LLC.*, No. 15-mc-217, 2016 WL 141635, at *4 (D. Kan. Jan. 12, 2016) (quoting *Sheldon v. Vermonty*, 204 F.R.D. 676, 689–90 (D. Kan. 2001)).

alleges each defendant is jointly and severally liable for the conduct of all other defendants. First, representations in the agreements could potentially bear on the remaining defendants' liability and the current scope of plaintiff's claims.[12]  Second, it is clear that the aggregate amount of the settlements is relevant to plaintiff's damages' claim—plaintiff does not dispute that amounts it recovered from settling defendants (alleged co-conspirators) will be offset from any damage award entered against the remaining defendants.[13]  Third, because representatives of the settling defendants may be called to testify at trial, "the terms of any settlement agreements with [them] appear to be relevant to the possible bias or prejudice of important witnesses."[14]  Finally, the court gives no weight to plaintiff's argument that the settlement agreements are not relevant because evidence of settlements will be "inadmissible

---

[12]*Heartland Surgical Speciality Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 1246216, at *4 (D. Kan. April 27, 2007) (ruling settlement agreements relevant to "the allegations of conspiracy and potential bias of witnesses").

[13]*See Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227, 2016 WL 2772210, at *4 (D. Kan. May 13, 2016) (ruling that "information relevant to Plaintiff's alleged damages" is relevant and discoverable). *See also William Inglis & Sons Baking Co. v. Cont'l Baking Co.*, 981 F.2d 1023, 1024 (9th Cir. 1992) (discussing damages off-set); *Auwood v. Harry Brandt Booking Office, Inc.*, 850 F.2d 884, 894 (2d Cir. 1988) (same); *Faulkner's Auto Body Ctr., Inc. v. Covington Pike Toyota, Inc.*, 50 F. App'x 664, 670 (6th Cir. 2002) (same).

[14]*Heartland*, 2007 WL 1246216, at *4 (citing *White v. Kenneth Warren & Son, Ltd.*, 203 F.R.D. 364, 367 (N.D. Ill. 2001) (ruling that where the settling party will likely be a witness at trial, remaining defendants are entitled to learn whether promises have been made in connection with his dismissal that might constitute potential bias)); *see also Ramirez v. Nabil's Inc.*, No. 94-2396, 1995 WL 609415, at *2 (D. Kan. Oct. 5, 1995) (ordering production of settlement agreement reached with co-defendant because representatives of settling co-defendant could be called to testify and the terms of the agreement "may affect their credibility as witnesses").

at trial."[15]  Rule 26(b) explicitly states that information "need not be admissible in evidence to be discoverable."[16]

Even upon a finding of relevance, plaintiff argues that the settlement agreements should not be disclosed because they contain confidentiality provisions.  Plaintiff cites no law supporting this position or otherwise ruling that settlement agreements are privileged. Thus, the court follows the rule adopted in the District of Kansas that settlement agreements are not privileged.[17]  "The appropriate remedy to protect confidentiality in the instant action is not barring discovery of items sought, but requesting a protective order."[18]

The court therefore orders the settlement agreements produced, but with conditions. The court finds the production procedure proposed by the settling defendants in their June 3, 2016 letter[19] (to which no party has asked to respond) to be reasonable in large part.  First,

---

[15]ECF doc. 48 at 1 & 4.

[16]Fed. R. Civ. P. 26(b)(1).  *See also Heartland*, 2007 WL 1246216, at *4 ("Courts refusing to find the existence of a settlement privilege often note that Fed. R. Evid. 408 governs only admissibility of settlement negotiations and not the discoverability of such evidence.").

[17]*See, e.g., Kear v. Kohl's Dep't Stores, Inc.*, No. 12-1235, 2013 WL 58836776, at *3 (D. Kan. Sept. 25, 2013) ("A general concern for protecting the confidentiality of a settlement agreement does not equate to privilege."); *In re Urethane Antitrust Litig.*, No. 04-md-1616, 2009 WL 2058759, at *3–4 (D. Kan. July 15, 2009); *Heartland*, 2007 WL 1246216, at *4.

[18]*Kear*, 2013 WL 58836776, at *3.  *See also Heartland*, 2007 WL 1246216, at *4 (holding that plaintiff could "retain a certain degree of confidentiality over such agreements through the protective order.").

[19]*See* ECF doc. 54 at 2.

by **June 17, 2016**, the parties shall submit, by e-mail to the undersigned's chambers, an agreed joint protective order, specifically covering the settlement agreements, which restricts disclosure of the settlement agreements to defendants' counsel (both outside and in-house). Second, by **June 24, 2016**, plaintiff is ordered to: (1) inform defendants of the aggregate amount of the settlements it reached with all previously dismissed defendants and (2) produce to defendants copies of the settlement agreements but with the individual payment amounts redacted.  Third, if this action survives defendants' anticipated motions for summary judgment, then **14 days after the summary judgment ruling**, plaintiff shall produce to defendants unredacted copies of the settlement agreements, unless by that date either plaintiff or a settling defendant files a motion for a protective order.

As part of its briefing, plaintiff makes the wholly separate request that it be permitted "to depose witnesses identified by Defendants who have not been deposed and were disclosed after the close of discovery in the MDL case."  This request is denied without prejudice.  Plaintiff may make a request for such discovery by motion, if necessary, after the parties have satisfied the meet-and-confer requirements of D. Kan. Rule 37.2 and plaintiff's counsel has certified the same.

IT IS SO ORDERED.

Dated June 9, 2016, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge