**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LACROSSE FURNITURE CO., ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-2748-KHV |
| FUTURE FOAM, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

LaCrosse Furniture Co. brings suit against Leggett & Platt, Inc. for violation of the Kansas Unfair Trade and Consumer Protection Act, K.S.A. § 50-101 et seq.[1] Specifically, plaintiff alleges that defendant conspired to fix the price of polyurethane foam. See Pretrial Order (Doc. #64) filed December 19, 2016 at 3-8, 15. On December 14, 2012, the Judicial Panel on Multidistrict Litigation ("JPML") transferred this case for consolidated proceedings in the United State District Court for the Northern District of Ohio. Conditional Transfer Order (Doc. #5). On May 18, 2015, the

---

[1] Plaintiff also sued Future Foam, Inc., Hickory Springs Manufacturing Company, Carpenter Company, Carpenter Holdings, Inc., E.R. Carpenter, L.P., Crest Foam Industries, Inc., Flexible Foam Products, Inc., FXI-Foamex Innovations, Inc., Vitafoam Products Canada Limited, Vitafoam, Inc., Mohawk Industries, Inc., Ohio Decorative Products, Inc. and Woodbridge Foam Corporation, but agreed to dismiss those defendants. See Complaint (Doc. #1) filed November 29, 2012; Exhibit 2 to Conditional Remand Order (Doc. #8) filed June 10, 2015 (MDL Docs. #8, #35, #38 and #39 dismissing Ohio Decorative Products, Inc., Crest Foam Industries, Carpenter Company, Carpenter Holdings, Inc., E.R. Carpenter, L.P., Mohawk Industries, Inc. and Flexible Foam Products, Inc.); Doc. #10 (dismissing Vitafoam, Inc. and Vitafoam Products Canada Limited), Doc. #17 (dismissing Woodbridge Foam Corporation, Woodbridge Sales & Engineering, Inc. and Woodbridge Foam Fabricating, Inc.), Doc. #35 (dismissing Hickory Springs Manufacturing Company), Doc. #44 (dismissing FXI Holdings, Inc.) and Doc. #58 (dismissing Future Foam, Inc.).

Plaintiff also sued Valle Foam Industries (1995), Inc., see Complaint (Doc. #1) ¶ 9, but the docket reflects no service on that defendant. According to the pretrial order, Leggett & Platt is the sole remaining defendant. See Pretrial Order (Doc. #64) at 1. Accordingly, the Court dismisses Valle Foam Industries (1995), Inc. as a defendant in the case.

transferee court remanded the case to this Court. <u>Conditional Transfer Order</u> (Doc. #6). This matter comes before the Court on <u>Leggett & Platt, Incorporated's Motion For Leave To File Its Memorandum In Support Of Its Motion For Partial Summary Judgment And Accompanying Documents Under Seal</u> (Doc. #68) filed January 24, 2017, <u>Leggett & Platt, Incorporated's Motion For Leave To File Its Memorandum In Support Of Its Motion To Exclude Testimony And Expert Reports Of Dr. Orley Ashenfelter Under Seal</u> (Doc. #70) filed January 24, 2017, <u>Plaintiff LaCrosse Furniture Co.'s Motion For Leave To File Documents Under Seal</u> (Doc. #73) filed February 8, 2017, <u>Plaintiff LaCrosse Furniture Co.'s Motion For Leave To File Documents Under Seal</u> (Doc. #75) filed February 14, 2017, <u>Leggett & Platt, Incorporated's Motion For Leave To File Its Reply Memorandum In Support Of Its Motion To Exclude Testimony And Expert Reports Of Dr. Orley Ashenfelter Under Seal</u> (Doc. #77) filed February 21, 2017 and <u>Leggett & Platt, Incorporated's Motion For Leave To File Its Reply Memorandum In Support Of Its Motion For Partial Summary Judgment And Accompanying Documents Under Seal</u> (Doc. #78) filed February 28, 2017.

## **Legal Standards**

Federal courts have long recognized a common law right of access to judicial records. <u>Helm v. Kansas</u>, 656 F.3d 1277, 1292 (10th Cir. 2011); <u>Mann v. Boatright</u>, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest. <u>Crystal Grower's Corp. v. Dobbins</u>, 616 F.2d 458, 461 (10th Cir. 1980); <u>Worford v. City of Topeka</u>, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. <u>Helm</u>, 656 F.3d at 1292. The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access. <u>Id.</u>; <u>United

States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985). In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties. Helm, 656 F.3d at 1292; Dobbins, 616 F.2d at 461. The party seeking to overcome the presumption of public access to the documents bears the burden of showing that some significant interest outweighs the presumption. Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149. The Court should seal documents based only on articulable facts known to the Court, and not based on unsupported hypothesis or conjecture. Worford, 2004 WL 316073, at *1 (citing Stapp v. Overnite Transp. Co., No. 96-2320-GTV, 1998 WL 229538, at *1 (D. Kan. April 10, 1998)).

**Analysis**

Both parties seek leave to file under seal certain memoranda and exhibits in support of – and in opposition to – defendant's motions for partial summary judgment and to exclude expert testimony. See Docs. ##68, 69, 70, 73, 75, 77, 78. In support of their requests, the parties assert that the proposed memoranda and exhibits "include excerpts from and references to deposition testimony, expert reports, and documents" which the parties designated as "Confidential" or "Highly Confidential" under the stipulated protective order.[2] Doc. #68 at 1-2; see also Docs. ##69, 70, 73,

---

[2] In the MDL proceedings, the transferee court entered a stipulated protective order which this Court incorporated by reference in the scheduling order in this case. See Scheduling Order (Doc. #41) filed April 1, 2016 at 3.

The stipulated protective order defines "Confidential Information" as follows:

Documents, information . . . or tangible things that, in good faith, qualify for protection under standards developed under Fed. R. Civ. P. 26(c), including but not limited to confidential personal information, medical or psychiatric information, personnel records or other sensitive commercial information that is not publically [sic] available. Public records and other information or documents that are publicly available may not be designated as Confidential Information.

(continued...)

75, 77, 78. The fact that the parties have designated documents as "Confidential" or "Highly Confidential" under the protective order does not in itself provide sufficient reason to seal. See Stormont-Vail Healthcare, Inc. v. BioMedix Vascular Solutions, Inc., No. 11-4093-SAC, 2012 WL 884926, at *1 (D. Kan. Mar. 14, 2012); Carefusion 213, LLC v. Prof'l Disposables, Inc., No. 09-2616-KHV, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010). On this record, the parties have not come close to meeting the heavy burden to articulate a real and substantial interest which justifies depriving the public access to records which inform the Court's decision-making process.[3]

---

[2](...continued)
Stipulated Protective Order ¶ 2.1, Exhibit A to Stipulated Supplemental Protective Order (Doc. #56) filed June 17, 2016.

> The stipulated protective order defines "Highly Confidential Information" as follows:
>
> Documents, information . . . or tangible things that contain trade secrets or other highly sensitive competitive or highly sensitive confidential information the disclosure of which is reasonably likely to result in demonstrable harm to the Designating Party, such as financial information relating to costs, unpublished pricing information, unpublished plans to buy or sell a business or business unit, and the like.

Id. ¶ 2.2.

[3] Also, the parties have not shown that redaction would not sufficiently protect any information which is legitimately confidential. Pursuant to the District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means, plaintiffs may redact personal data as follows:

> In accordance with Fed. R. Civ. P. 5.2 and to address the privacy concerns created by Internet access to court documents, litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the court:
>   1. Social Security numbers: Use only the last four numbers; and
>   2. Minors' names: Use the minors' initials;
>   3. Dates of birth: Use only the year; and
>   4. Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of

(continued...)

See Helm, 656 F.3d at 1292. The Court therefore overrules the parties' motions to file documents under seal. On or before **April 17, 2017**, the parties may file the proposed memoranda and exhibits not under seal.

**IT IS THEREFORE ORDERED** that Leggett & Platt, Incorporated's Motion For Leave To File Its Memorandum In Support Of Its Motion For Partial Summary Judgment And Accompanying Documents Under Seal (Doc. #68) filed January 24, 2017 is **OVERRULED**.

**IT IS FURTHER ORDERED** that Leggett & Platt, Incorporated's Motion For Leave To File Its Memorandum In Support Of Its Motion To Exclude Testimony And Expert Reports Of Dr. Orley Ashenfelter Under Seal (Doc. #70) filed January 24, 2017 is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff LaCrosse Furniture Co.'s Motion For Leave To File Documents Under Seal (Doc. #73) filed February 8, 2017 is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff LaCrosse Furniture Co.'s Motion For Leave To File Documents Under Seal (Doc. #75) filed February 14, 2017 is **OVERRULED**.

**IT IS FURTHER ORDERED** that Leggett & Platt, Incorporated's Motion For Leave To File Its Reply Memorandum In Support Of Its Motion To Exclude Testimony And Expert Reports Of Dr. Orley Ashenfelter Under Seal (Doc. #77) filed February 21, 2017 is **OVERRULED**.

**IT IS FURTHER ORDERED** that Leggett & Platt, Incorporated's Motion For Leave To

---

[3](...continued)
    the account number.
In addition, parties may modify or partially redact other confidential information as permitted by the court (e.g., driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information).
* * *

District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases, § II., I (August 24, 2015).

<u>File Its Reply Memorandum In Support Of Its Motion For Partial Summary Judgment And Accompanying Documents Under Seal</u> (Doc. #78) filed February 28, 2017 is **OVERRULED**.

**IT IS FURTHER ORDERED** that on or before **April 17, 2017**, the parties may file the proposed memoranda and exhibits not under seal.

**IT IS FURTHER ORDERED** that plaintiff's claims against Valle Foam Industries (1995), Inc. are **DISMISSED without prejudice**.

Dated this 11th day of April, 2017 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge